U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERALD COTTON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-701-A |
| | § | |
| REBECCA TAMEZ, Warden, | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Gerald Cotton is petitioner and Rebecca Tamez, Warden, FMI-Fort Worth, is respondent. This is a petition for writ of habeas corpus in which petitioner, a federal prisoner, seeks relief under 28 U.S.C. § 2241. The court rejects the respondent's argument that petitioner's action should be dismissed because habeas relief is improper, but is denying the petition because the claims are unripe.

I.

Background

On August 28, 2001, petitioner was sentenced to an aggregated 108-month term of imprisonment followed by a three-year term of supervised release after pleading guilty to the

following offenses: Felon in Possession of a Firearm, False Statement in Acquisition of a Firearm, and False Statement in a Firearms Transaction. He is currently serving this sentence at at FCI-Fort Worth in Fort Worth, Texas. Petitioner is expected to complete his prison sentence on May 14, 2009, because of good conduct time release. Petitioner moves pursuant to 28 U.S.C. § 2241 for an order directing the BOP to consider petitioner for direct placement to home confinement, or, in the alternative, to consider petitioner for community confinement.

II.

## Applicable Statutes and Regulations

BOP has the authority to designate confinement facilities and determine pre-release custody placements for federal prisoners. This authority, granted to BOP by Congress, is found in two statutes, 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) states:

> (b) Place of imprisonment.-The Bureau of Prisons shall designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or corrections facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correction facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C.A. § 3621(b) (West 2000). Section 3624(c) states:

(c) Pre-release custody.-The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity

to adjust to and prepare for the prisoner's re-entry
into the community. The authority provided by this
subsection may be used to place a prisoner in home
confinement. The United States Probation System shall,
to the extent practicable, offer assistance to a
prisoner during such pre-release custody.

18 U.S.C.A. § 3624(c) (West 2000).

The applicable BOP regulations implementing these statutes became effective February 14, 2005, and are codified at Community Programs, 28 C.F.R. §§ 570.20 and 570.21 (2006) (collectively, "BOP Regulations"). Section 570.20 states:

> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
>
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Center (CCC)(also known as "halfway houses") and home confinement.

Section 570.21 provides:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

4

III.

Analysis

A. Jurisdiction

1. Section 2241

Respondent contends that petitioner does not have a right to bring this action pursuant to 28 U.S.C. § 2241. The better-reasoned circuit decisions have held to the contrary. In Warren v. Miles, 230 F.3d 688 (5th Cir. 2000), the issue before the court was the consideration of a federal prisoner for early release. The Fifth Circuit held that § 2241 "is the proper habeas remedy for challenging the execution of a sentence." Id. at 694; see also Leggett v. Fleming, 380 F.3d 232, 234 (5th Cir. 2004)(considering time credit issues), United State v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992)(same). While the Fifth Circuit has not specifically addressed what vehicle should be used by a federal prisoner to challenge where a federal sentence should be served for purposes of pre-release custody, at least two circuits have held that a § 2241 action is proper. See Levine v. Apker, 455 F.3d 71, 77-78 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005). The court agrees with those holdings. The court concludes that petitioner is challenging the "execution" of his sentence and thus, his

5

petition filed pursuant to § 2241 is the proper vehicle in which to seek relief.

2. <u>Ripeness</u>

"Article III of the Constitution confines federal courts to the decision of 'cases' and 'controversies.' A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. That is, ripeness is a constitutional prerequisite to the exercise of jurisdiction." <u>Shields v. Norton</u>, 289 F.3d 832, 834-35 (5th Cir. 2002)(footnote omitted)(citing <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148-49 (1967)).

Here, respondent argues that petitioner's claim is not ripe for review because BOP, according to its Program Statement 7310.04, does not need to consider him for placement in home or community confinement until eleven to thirteen months prior to his scheduled release date, which is in May of 2009. Having reviewed the facts and the applicable authorities, the court concludes that respondent's argument has merit and that petitioner's claims should be dismissed without prejudice because they are unripe.

IV.

ORDER

For the reasons discussed above,

The court ORDERS that the petition be, and is hereby, dismissed without prejudice as unripe.

SIGNED February 19, 2008.

/s/ John McBryde
_____
JOHN McBRYDE
United States District Judge